UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ALEA NORTH AMERICA COMPANY and
RLI INSURANCE COMPANY, as subrogees
of 350 Audobon Holding LLC,

                        Plaintiffs,           **ORDER**

                -against-            06-CV-2356 (SLT) (CLP)

POLY PHASE ASSOCIATES and ABDUL
QUIYAM, a/k/a ABDUL KAIYUM KHAN,
a/k/a MOHAMMED ABDUL QUAIYUM,

                        Defendants.
------------------------------------------------------------X
**TOWNES, United States District Judge:**

      By order dated January 11, 2008, this Court referred plaintiffs' motion for a default judgment in this action to the Honorable Cheryl L. Pollak, United States Magistrate Judge, for a Report and Recommendation ("R&R"). On September 29, 2008, Magistrate Judge Pollak issued her "R&R," recommending that the Court award plaintiffs $242,962.47 in damages and $523.00 in costs, plus pre- and post-judgment interest accruing at the statutory rates. R&R at 15. Magistrate Judge Pollak also directed the Clerk of Court to mail a copy of the R&R to the parties and advised the parties that they had ten days from their receipt of the R&R in which to file written objections to it. *Id.* at 15-16.

      Pursuant to Magistrate Judge Pollak's order, the Clerk of Court served a copy of the R&R on defendant Abdul Quiyam on September 30, 2008, by mailing a copy to his last known address.[1] Pursuant to Fed. R. Civ. P. 5(b)(2)(B), such service was complete on mailing. Under

---

[1] A copy of the envelope in which the R&R was mailed has been docketed as entry number 15. This indicates that, although the R&R was docketed on September 29, 2008, the R&R was not postmarked until the following day.

28 U.S.C. § 636(b), Mr. Quiyam had "ten days after being served" in which to file written objections to the R&R. Pursuant to Fed. R. Civ. P. 6(a), that ten-day period excluded the date of service and intermediate Saturdays, Sundays and holidays (including Columbus Day). Moreover, because the Clerk of Court had effected service by mail, the ten-day period was further extended by three days. *See* Fed. R. Civ. P. 6(e). Accordingly, Mr. Quiyam's objections to the R&R were due on October 20, 2008.[2]

As of the date of this order, the Court has not received any objections to the R&R. Accordingly, the Court has reviewed the R&R for clear error on the face of the record. *See* Advisory Comm. Notes to Fed. R. Civ. P. 72(b); *accord Edwards v. Town of Huntington*, No. 05 Civ. 339 (NGG) (AKT), 2007 WL 2027913, at *2 (E.D.N.Y. July 11, 2007); *McKoy v. Henderson*, No. 05 Civ. 1535 (DAB), 2007 WL 678727, at *1 (S.D.N.Y. Mar. 5, 2007). The Court finds no clear error, and therefore adopts the R&R in its entirety as the opinion of the Court pursuant to 28 U.S.C. § 636(b)(1).

## *CONCLUSION*

For the reasons stated above, Magistrate Judge Pollak's Report and Recommendation dated September 29, 2008, is adopted in its entirety. The Clerk of Court is directed to enter judgment in favor of plaintiffs and against defendant Abdul Quiyam a/k/a Abdul Kaiyum

---

[2]The fact that defendant may not have actually received the Clerk's mailing, which was returned to the Court on October 9, 2008, does not alter the calculation of the date on which the objections were due. As previously noted, service is deemed to be complete upon mailing. Fed. R. Civ. P. 5(b)(2)(B). Moreover, the Federal Rules of Civil Procedure do not require that a defaulting defendant actually receive a copy of an R&R before this Court can consider adopting it. To the contrary, Fed. R. Civ. P. 5(a) provides that, while orders must ordinarily be served on the parties, '[n]o service need be made on parties in default for failure to appear."

Khan, a/k/a Mohammed Abdul Quaiyum in the amount of $242,962.47 for damages and $523.00 for costs, as well as pre- and post-judgment interest on these amounts, calculated at the statutory rates.

SO ORDERED.

s/SLT

SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
October 22, 2008